UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22692-MC-MARRA

DONALD ALAN TOBKIN,

    Appellant,

vs.

JACQUELINE CALDERIN, Trustee,

    Appellee.

_____/

## OPINION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION

THIS CAUSE is before the Court upon Trustee, Jacqueline Calderin's Motion to Dismiss Appeal [DE 6]. Appellant Donald Alan Tobkin ("Tobkin"), proceeding *pro se*, has not responded and the time period for doing so has passed. The Court has carefully considered the record, the motion, and is otherwise fully advised in the premises.

### I. Background

On September 1, 2011, Donald Alan Tobkin ("Debtor" or "Appellant") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in the Southern District of Florida. Along with his Voluntary Petition, Debtor filed his bankruptcy schedules, including Schedule C - Property Claimed as Exempt. The Chapter 13 trustee, Nancy Herkert, on behalf of the bankruptcy estate, filed Trustee's Objections to Exemptions (the "Objections") on December 28, 2011.

The bankruptcy case was converted to a case under Chapter 7 on February 22, 2012. Jacqueline Calderin ("Trustee") was appointed the Chapter 7 Trustee. In connection with pursuing the Objections filed by the Chapter 13 trustee, Trustee sought to take Debtor's Rule 2004 examination and obtain documents relating to, among other things, Debtor's claimed exemptions. Debtor moved for a protective order asserting that Trustee was barred from investigating his claimed exemptions or pursuing the Objections filed by the chapter 13 trustee, "because the chapter 7 trustee did not file objections to Debtor's claimed exemptions within 30 days of the conclusion of the post-conversion meeting of creditors convened pursuant to § 341 of the Bankruptcy Code, as required by Rule 4003(b) . . ." DE 1-1, A-8, 47 of 66.

After having the parties brief the matter, the Bankruptcy Court held that Trustee had standing to continue to pursue the Objections. Consequently, Debtor's Motion for Protective Order was denied and Debtor was ordered to sit for his Rule 2004 examination and produce documents responsive to the requests pertaining to his claimed exemptions. Debtor seeks to appeal that decision, and pending the outcome of the appeal, Debtor sought a stay from the Bankruptcy Court of all of the bankruptcy proceedings. Debtor's request for a blanket stay was denied by the Bankruptcy Court. Debtor has since initiated this miscellaneous proceeding asking this Court to stay the bankruptcy proceedings pending the outcome of this appeal. The issue on appeal is whether the Bankruptcy Court erred in denying Appellant's Motion for Protective Order, thereby permitting Trustee to investigate Debtor's

claimed exemptions.

## II. Legal Standards

"Federal courts are courts of limited jurisdiction." <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003). With regard to appeals from bankruptcy courts, district courts only have three types of orders that can be reviewed. Section 158(a)(1) provides that district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." Section 158(a)(2) provides that district courts have jurisdiction to hear appeals from certain interlocutory orders "issued under section 1121(d) of title 11," a statute that does not appear applicable here. <u>See</u> <u>also</u> Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. Other interlocutory appeals fall within the ambit of Section 158(a)(3), which provides that district courts have jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees." <u>See</u> Fed. R. Bank. P. 8001(b), where an appeal from an interlocutory order of a bankruptcy judge permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, accompanied by a motion for leave to appeal prepared in accordance with Fed. R. Bank. P. 8003 and proof of service in accordance with Fed. R. Bank. P. 8008.

"The requirement of finality is essential to avoid piecemeal review, inconvenience and unnecessary costs." <u>In re Red Carpet Corp.</u>, 902 F.2d 883, 890 (11th Cir. 1990) (quoting <u>In re Miscott Corp.</u>, 848 F.2d 1190, 1193 (11th Cir. 1988)). Generally, a final order is "one which ends the litigation on the merits and leaves

nothing for the court to do but execute judgment." In re Wisz, 778 F.2d 762, 764 (11th Cir. 1985)(quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The Eleventh Circuit has cautioned, however, that "a decision does not have to be the last order that can possibly be made" before it can be deemed final. In re Red Carpet, 902 F.2d at 890.

Most of the circuits which have reviewed the issue have concluded that most exemption decisions are final orders. See In re Huebner, 986 F.2d 1222, 1223 n.3 (8th Cir. 1993)(citing cases holding exemption decisions to be final for purposes of § 158); but see Wisz, 778 F.2d 762 (holding exemption decision was not final order). Those circuits have reasoned that although they are technically interlocutory, exemption decisions should be treated as final decisions because they "can determine the entire course of the bankruptcy proceeding." Id. (quoting In re Barker, 768 F.2d 191, 193–94 (7th Cir. 1985)). This general principle notwithstanding, the Eighth Circuit has also noted that "finality for bankruptcy purposes is a complex subject" and "the test for finality under § 158[] must take into account the peculiar needs of the bankruptcy process." Cochrane v. Vaquero Investments, 76 F.3d 200, 203–04 (8th Cir. 1996) (quoting In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir.1989)). In Cochrane, for instance, the Eighth Circuit found an exemption decision was not final where the decision would not "conclusively resolve the issue of whether the property in question [was] or [was] not exempt from debtor's bankruptcy estate." Id.

A district court sitting in bankruptcy has authority to determine its own jurisdiction. Chicot Cnty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 377 (1940). It is within the discretion of the district court to grant leave to hear appeals of interlocutory orders entered by a bankruptcy judge "if the subject issue (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation." In re Pacific Forest Products Corp., 335 B.R. 910, 919 (S.D. Fla. 2005) (citations omitted). The moving party has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals).

### III.  Discussion

The Court will not exercise jurisdiction over the order denying the motion for a protective order for three reasons: (1) it is not a final order; (2) Appellant has not sought leave of the Court to review an interlocutory order; and (3) even if Appellant had sought leave, the Court would decline to exercise its discretion to review the order.

Although orders sustaining or overruling objections to claimed exemptions are technically interlocutory, they are generally considered final orders for purposes of a bankruptcy appeal, and thus, not subject to the requirements of subsection (b) of

8001.  Darby v. McGregor, 216 B.R. 657, 659 (M.D. Ala. 1977).  The reasoning behind this premise is that allowing or precluding the administration of assets that are claimed exempt can have a significant effect on the remainder of the bankruptcy proceedings.  Id.

In the instant case, the order on appeal (an order denying Debtor's motion for protective order) denies a motion seeking to prevent discovery relating to Debtor's claimed exemptions.  It neither permits nor precludes Trustee's administration of these assets on behalf of the bankruptcy estate.  That determination is for a later date, after completion of discovery and possibly an evidentiary hearing on the claimed exemptions.  It is possible that after completion of discovery, Trustee may withdraw some or all of the objections to the claimed exemptions.  Thus, the application of the ruling in Darby is not appropriate to the instant appeal, where here, the order on appeal is a true interlocutory discovery order, not a final order.  Accordingly, the Court does not have mandatory jurisdiction over the order.

Therefore, Appellant should have sought leave of Court to appeal an interlocutory order, but did not do so.  Even if Appellant had filed a motion for leave of court, however, the Court would have declined to entertain the appeal.  There is no indication that the legal issues presented in the order denying a protective order involve a controlling question of law, let alone one over which there is substantial ground for difference of opinion.  Moreover, it is clear that allowing an immediate appeal of the order would not advance the ultimate termination of the litigation.

Therefore, the Court would not have exercised its discretion to review the order below even if Appellant had properly moved for such review.

## IV. Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Appeal [DE 6] is granted.  This case **DISMISSED**.  The Clerk of this Court is **ORDERED** to **CLOSE THE CASE**.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of August, 2012.

_____
KENNETH A. MARRA
United States District Judge